**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 22 2025

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**TRAYESHA BOOTH**                                                        **PLAINTIFF**

VS.                              NO. ___4:25-cv-60-DPM___

**NITV, LLC; NITV FEDERAL SERVICES, LLC;**
**CHARLES HUMBLE; AND JOHN DOES 1-2**                      **DEFENDANTS**

## NOTICE OF REMOVAL

TO:   The United States District Court      This case assigned to District Judge __Marshall__
      Eastern District of Arkansas          and to Magistrate Judge __Harris__
      Central Division

      The Circuit Clerk of Jefferson County, Arkansas
      101 West Barraque, Suite 104
      Pine Bluff, AR 71601

      Luther Sutter
      Lucien R. Gillham
      **SUTTER & GILLHAM, P.L.L.C.**
      Attorneys at Law
      1501 N. Pierce Ste. 105
      Little Rock, AR 72207
      North Little Rock, AR 72116
      luther.sutterlaw@gmail.com
      lucien.gillham@gmail.com

      *Attorneys for Trayesha Booth*

      Please take notice that, in accordance with 28 U.S.C. §§ 1441 and 1446, the case captioned

*Trayesha Booth vs. NITV, LLC; NITV Federal Services, LLC; Charles Humble; and John Does 1-*

*2*, Case No. 35CV-24-1006, Circuit Court of Jefferson County, Arkansas, (the, "Complaint") has

been hereby removed to the United States District Court for the Eastern District of Arkansas,

Central Division. Defendants NITV, LLC, NITV Federal Services, LLC, and Charles Humble

(collectively, "Defendants") file this Notice of Removal and state that removal jurisdiction is based

upon diversity of citizenship, 28 U.S.C. § 1332, demonstrated by the following:

1.      This action was commenced by the filing of a Complaint in the Circuit Court of Jefferson County, Arkansas on October 30, 2024, and was assigned Case No. 35CV-24-1006. As required by 28 U.S.C. § 1446(a), true and correct copies of the Complaint and all pleadings and papers currently on file with the Jefferson County Circuit Court are attached as **Exhibit A** to the Notice of Removal. Defendants were purportedly served the summons and Complaint on or about December 24, 2024 via certified mail. This removal is being filed within 30 days of service, pursuant to 28 U.S.C. § 1446.

2.      Separate Defendant NITV, LLC is a Florida limited liability company with a principal place of business in the State of Florida *See* Compl. ¶ 2.

3.      Separate Defendant NITV Federal Services, LLC is a Florida limited liability company with a principal place of business in the State of Florida. *Id.*

4.      Likewise, all the members of Separate Defendants NITV, LLC and NITV Federal Services, LLC are citizens of the State of Florida. Therefore, NITV, LLC and NITV Federal Services, LLC are citizens of the State of Florida. *See E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015).

5.      Separate Defendant Charles Humble is a citizen of the State of Florida.

6.      Plaintiff Charles Humble (hereinafter referred to as "Plaintiff") is a resident of Jefferson County, Arkansas. *See* Compl. ¶ 1. Therefore, Plaintiff is a citizen of the State of Arkansas.

7.      As such, the parties are completely diverse.

8.      In her Complaint, Plaintiff alleges that "[a]t the time of filing, the amount in controversy does not exceed $75,000.00." *Id.* at ¶ 3. Plaintiff seeks damages for lost wages, harm to her reputation, lost benefits, incurred medical bills, and "mental, emotional, and physical

suffering." *See* Compl. ¶¶ 23, 30.   In addition, Plaintiff seeks to recover punitive damages, attorneys' fees, and costs. *See* Compl., ¶¶ 20, 24, 31, 35, and WHEREFORE Paragraph.

9.      Even without the punitive damages claim, the amount sought in Plaintiff's Complaint plausibly exceeds $75,000, as Plaintiff, who was earning $40,339.94 annually at the time of her termination,[1] seeks damages for alleged lost wages, reputational harm, lost benefits, medical expenses, and unspecified "mental, emotional, and physical suffering.", as well as costs and attorney's fees. *See In re Minn. Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003).

10.     However, because Plaintiff requests punitive damages in her Complaint, the claimed damages further exceed $75,000.

11.     "Punitive damages are included in determining the amount in controversy" in considering whether a case may properly be removed to federal court. *Morris v. Hartford Life & Acc. Ins. Co.,* No. 4:09CV00756 JMM, 2009 WL 3784329, at *2 (E.D. Ark. Nov. 9, 2009) (*quoting Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992)). Arkansas cases in which punitive damages were awarded reveal that the allegation of entitlement to such damages could almost certainly result in an award more than $75,000. There are multiple reported cases where punitive damages awarded alone exceed $75,000. *See Southern Farm Bureau Cas. Ins. Co. v. Allen*, 326 Ark. 1023, 934 S.W.2d 527 (1996) (affirming jury verdict of $75,000 in punitive damages on $10,000); *Employers Equitable Life Ins. Co. v. Williams*, 282 Ark. 29, 665 S.W.2d 873 (1984) (affirming jury verdict of $25,000 in compensatory damages and $75,000 in punitive

---

[1] Plaintiff was an employee of the Arkansas Department of Corrections. Compl., ¶ 4. As a state employee, information related to her salary is available in public records.

damages); *Viking Ins. Co. of Wisconsin v. Jester*, 310 Ark. 317, 836 S.W.2d 371 (1992) (affirming verdict of $1,000 compensatory damages and $250,000 in punitive damages).

12.    "The guiding principle courts follow in establishing whether or not removal is proper is that the plaintiff is the master of his complaint, even in class action cases." *Smith v. Am. Bankers Ins. Co. of Fla.*, No. 2:11-CV-02113, 2011 WL 6090275, at *2 (W.D. Ark. Dec. 7, 2011) (citing *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir.2009)). "Therefore, in determining the amount in controversy, a court looks first to the complaint." *Id.*; *see also McClendon v. Chubb Corp.*, No. 2:11-CV-02034, 2011 WL 3555649, at *2–3 (W.D. Ark. Aug. 11, 2011).

13.    Plaintiff's allegation that "*[a]t the time of filing*, the amount in controversy does not exceed $75,000.00" does not defeat diversity jurisdiction. *See* Compl., ¶ 3 (emphasis added). The amount in controversy is determined by examining "the situation at the time of removal." *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). And Courts in this district regularly find that the amount in controversy is met in cases involving a request for punitive damages, even where the damages specifically claimed in the complaint are less than $75,000. *See e.g., Bond v. Allstate Indem. Co.*, No. 2:15-CV-00204-BSM, 2016 WL 11604841, at *1–2 (E.D. Ark. Jan. 20, 2016) (finding that a claim for $24,490, a 12% statutory penalty, attorney's fees, 6% pre-judgment interest, and punitive damages stated a claim in excess of $75,000).

14.    Therefore, this action is one over which a federal district court has original jurisdiction because there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332, and this case is removable under 28 U.S.C. § 1441(a) under the procedures set forth in 28 U.S.C. § 1446.

4

15.     The United States District Court for the Eastern District of Arkansas, Central Division, embraces the county in which the state court action is now pending. This action may be removed to this Court pursuant to 28 U.S.C. §1441.

16.     In accordance with 28 U.S.C. § 1446(d), Defendant will file a copy of this Notice of Removal with the Circuit Clerk of Jefferson County, Arkansas, and is serving a copy of the Notice of Removal on counsel for Plaintiff.

17.     No admission of fact, law, or liability is intended by the filing of this notice, and all defenses, motions, and pleas are expressly reserved.

18.     The undersigned states that this removal is well grounded in fact and is warranted by existing law and is not interposed for improper purpose.

WHEREFORE, Defendants NITV, LLC, NITV Federal Services, LLC, and Charles Humble give notice that this case has been removed from the Circuit Court of Jefferson County, Arkansas to the United States District Court for the Eastern District of Arkansas, Central Division.

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201-3525
Phone: 501-688-8800
Fax: 501-688-8807

Adam D. Franks (Ark. Bar No. 2016124)
afranks@mwlaw.com
Colt D. Galloway (Ark. Bar No. 2016212)
cgalloway@mwlaw.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2025, I filed the foregoing with the Clerk of Court and served the foregoing via electronic mail to the following:

Luther Sutter
Lucien R. Gillham
**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
1501 N. Pierce Ste. 105
Little Rock, AR 72207
North Little Rock, AR 72116
lucien.gillham@gmail.com

ADAM D. FRANKS

ELECTRONICALLY FILED
Jefferson County Circuit Court
Flora Cook-Bishop, Circuit Clerk
2024-Oct-30  17:45:54
35CV-24-1006
C11WD02 : 6 Pages

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## __ DIVISION

TRAYESHA BOOTH                                                    **PLAINTIFF**

    **VS.**        **CASE NO. _____**

**NITV, LLC; NITV FEDERAL SERVICES, LLC;**
**CHARLES HUMBLE; AND JOHN DOES 1-2**                            **DEFENDANTS**

### COMPLAINT

    **COMES NOW**, Plaintiff, **TRAYESHA BOOTH**, by and through counsel, **SUTTER &**

**GILLHAM, P.L.L.C.**; and, for this Complaint, she states:

    1.    Plaintiff is a citizen and resident of Jefferson County, Arkansas.

    2.    Defendant, **NITV, LLC**, is a limited liability company with a principal address of

9999 Collins Ave., 12-A, Bal Harbour, Florida, 33514, operating in an industry substantially

impacting interstate commerce, whose registered agent is Charles Humble, at the same address.

Defendant, **NITV FEDERAL SERVICES, LLC**, is a limited liability company, whose principal

address is 11400 Fortune Cir., W. Palm Beach, FL 33414, operating in an industry substantially

impacting interstate commerce whose agent for service is Charles Humble, at 11400 Fortune Cir.,

W. Palm Beach, FL 33414.   Separate Defendant, **CHARLES HUMBLE**, is the inventor of the

VSA; and is one (1) of the directors of NITV, LLC, and NITV Federal Services, LLC.  They are

collectively referred to as NITV.  John Does 1 and 2 are businesses selling or facilitating the sale

of voice stress analyzers to the State of Arkansas (NITV Defendants).

    3.    The claims in this case are for libel, slander, false light, negligence, and products

liability.  At the time of filing, the amount in controversy does not exceed $75,000.00.

**EXHIBIT**
**A**

## GENERAL FACTS

4.    Plaintiff worked for the Arkansas Department of Corrections (ADC), starting in August 2023, who worked for the ADC until February 14, 2024, when she was terminated for failing a CVSA test when questioned about bringing contraband into the prison.

5.    Plaintiff did not bring contraband into the prison.  As alleged herein, the CVSA test is inherently unreliable, but, despite notice, the Defendants continue to market this device as reliable.  Indeed, Defendants have been sued before and are aware of this issue yet continue misrepresenting the reliability of the CVSA.

5.    Plaintiff was terminated on February 14, 2024, at which time she was a Correctional Officer II.

6.    Plaintiff was supposedly accused by an inmate of bringing contraband into the prison.

7.    Plaintiff was given a VSA once, and not told the result.  She was then given a VSA a second time and told she was deceptive.

8.    The voice stress analyzer test result, purporting to show that Plaintiff was deceptive, was false.  Plaintiff was not lying or being deceptive. She answered all questions honestly.

9.    The NITV sold the VSA that gave the test to Plaintiff and the Plaintiff to the ADC.

10.    The NITV sells VSA devices to government agencies and private companies all over the United States.

11.    The NITV claims that the VSA devices it sells can detect falsehoods and lies in advertisements and marketing materials.  These devices are marketed to law enforcement agencies, such as the ADC, and private corporations, under the premise that these agencies and businesses

can use these devices to determine when employees are lying for purposes of carrying out discipline.

12.     This is false, and it is known to be false by the NITV.  Studies have shown that VSA devices are about as likely to catch deception and lies as tossing a coin, or even worse.  An observant witch doctor would almost certainly do better.  NITV has never subjected its devices to peer review.  NITV has never conducted double blind tests to establish the effectiveness of its devices.  NITV did not develop these devices using the scientific method.

13.     There have been repeated instances where people were found to have been deceptive, when it was later proven that they were not.  This has resulted in a false confession and conviction for murder in California, charges wrongly brought, and at least one person in Arkansas was fired based on a false positive, which Defendants knew about, yet they have continued their actions.

14.     NITV trains people working for agencies and companies to operate these devices.  It tells them how to determine falsehoods and deceptive statements, but of course, this is bogus.

15.     NITV's trainers frequently consult on cold calls from the agencies they sell these materials to.

16.     As a result of Defendants' conduct Plaintiff's reputation was harmed, and she was fired.

## COUNT I

17.     Plaintiff restates the foregoing as if fully stated herein.

18.     Defendant, NITV, has created and sold a machine containing a design defect in that the device cannot do what it is sold to do - detect deception and falsehood on a basis more reliable than random chance.

19.     As a result of Defendants' actions, Plaintiff has been injured, in that she lost her job, lost wages, suffered harm to her reputation, lost benefits, incurred medical bills, and endured mental, emotional, and physical suffering.

20.     Defendants' actions have been so egregious as to merit the imposition of punitive damages, as they were intentional, reckless, and knowing violations of Plaintiff's rights.

## COUNT II

21.     Plaintiff restates the foregoing as if fully stated herein.

22.     Defendants have made false statements about Plaintiff or caused them to be made about her, constituting defamation - both slander and libel.  Alternatively, Plaintiff has been portrayed in a false light.

23.     As a result of Defendants' actions, Plaintiff has been injured, in that she lost her job, lost wages, suffered harm to her reputation, lost benefits, incurred medical bills, and endured mental, emotional, and physical suffering.

24.     Defendants' actions have been so egregious as to merit the imposition of punitive damages, as they were intentional, reckless, and knowing violations of Plaintiff's rights.

## COUNT III

25.     Plaintiff restates the foregoing as if fully stated herein.

26.     Defendant, NITV, has placed Plaintiff in a false light. The false light in which FFBC was placed by the publicity would be highly offensive to a reasonable person.

27.     Each Defendant had knowledge of or acted in reckless disregard as to the falsity of, the publicized matter and the false light in which the Plaintiff and others would be placed.  A

reasonable person would have had serious doubts about the truth of the publication, given the devices' inherent unreliability.

## COUNT IV

28.    Plaintiff restates the foregoing as if fully stated herein.

29.    Defendants have been negligent in creating, designed, advertising, marketing, and training on these devices.  It is a defective product, and they know it.

30.    As a result of Defendants' actions, Plaintiff has been injured, in that she lost her job, lost wages, suffered harm to her reputation, lost benefits, incurred medical bills, and endured mental, emotional, and physical suffering.

31.    Defendants' actions have been so egregious as to merit the imposition of punitive damages, as they were intentional, reckless, and knowing violations of Plaintiff's rights.

## COUNT V

32.    Plaintiff restates the foregoing as if fully stated herein.

33.    Defendants have committed violations of the Arkansas Deceptive Trade Practices Act.

34.    As a result of Defendants' actions, Plaintiff has been injured, in that she lost her job, lost wages, fringe benefits, suffered harm to her reputation, lost benefits, incurred medical bills, and endured mental, emotional, and physical suffering.

35.    Defendants' actions have been so egregious as to merit the imposition of punitive damages, as they were intentional, reckless, and knowing violations of Plaintiff's rights.

## JURY DEMAND

36.    Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, **TRAYESHA BOOTH,** prays for compensatory damages, for reasonable attorneys' fees and costs, for a jury trial on all matters so triable, and for all other appropriate relief.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
1501 N. Pierce Ste. 105
Little Rock, AR 72207
501/315-1910 Office
501/315-1916 Facsimile
Attorneys for the Plaintiff

By:      /s/ Luther Oneal Sutter
Luther Sutter, Esq. ARBN 95031
lucien.gillham@gmail.com

By:      /s/ Lucien R. Gillham
Lucien R. Gillham, Esq. ARBN 99199
lucien.gillham@gmail.com

ELECTRONICALLY FILED
Jefferson County Circuit Court
Flora Cook-Bishop, Circuit Clerk
2024-Oct-30  17:45:54
35CV-24-1006
C11WD02 : 2 Pages

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## __ DIVISION

TRAYESHA BOOTH                                                    **PLAINTIFF**

     **VS.**       **CASE NO.** _____

**NITV, LLC; NITV FEDERAL SERVICES, LLC;**
**CHARLES HUMBLE; AND JOHN DOES 1-2**                    **DEFENDANTS**

## JOHN DOE AFFIDAVIT OF PLAINTIFF'S COUNSEL

Comes now, counsel for the Plaintiff, **TRAYESHA BOOTH, SUTTER & GILLHAM,**

**P.L.L.C.,** and, for this Affidavit, being competent to testify, states that the statements below are

true and accurate:

1.  I am a licensed attorney in good standing in the State of Arkansas and am the Partner and

    owner of **SUTTER & GILLHAM, P.L.L.C.,** who are the attorneys of record for the

    Plaintiff in the attached Complaint.

2.  Plaintiff has made reasonable effort to obtain the identity of John Does 1-2 &/or individuals

    who are likely to be additional Defendants in the above-captioned case.

3.  The identities of all individuals and entities are unknown.  Plaintiff hereby designates John

    Does 1-2 for the purpose of tolling the statute of limitations pursuant to ACA § 16-56-125.

4.  The pseudo-names will continue to be named &/or submitted with the actual names upon

    further discovery, if applicable.

**FURTHER AFFIANT SAITH NAUGHT.**

## VERFICIATION

I, Luther Oneal Sutter, do hereby certify and state, under oath, that the above facts contained herein are true and correct to the best of my knowledge and belief.

By:    /s/ Luther Oneal Sutter

Luther Oneal Sutter
*Counsel for Plaintiff*

## ACKNOWLEDGMENT

State of Arkansas      )
                       ) SS.
County of Pulaski      )

Subscribed and sworn before me, a Notary Public, this 30th day of October, 2024

Notary Public

My commission Expires:
9/14/3/

ELIZABETH ANN HODGES
Notary Public-Arkansas
Lonoke County
My Commission Expires 09-14-2031
Commission # 12716018

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## __ DIVISION

TRAYESHA BOOTH                                                        PLAINTIFF

     VS.         CASE NO. _____

NITV, LLC; NITV FEDERAL SERVICES, LLC;
CHARLES HUMBLE; AND JOHN DOES 1-2                           DEFENDANTS

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**CHARLES HUMBLE**

A lawsuit has been filed against you. The relief demanded is stated in the attached Second Amended Complaint. Within 30 days after service of this Summons on you (not counting the day you received it) — or 60 days if you are a federal institution, or you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the Clerk of this Court a written Answer to the Complaint or a Motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose name and address is: Luther Sutter, Lucien Gillham, and/or Caleb Baumgardner of **SUTTER & GILLHAM, P.L.L.C.,** 1501 N. Pierce, Ste. 105, Little Rock, AR 72207.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED: ADDITIONAL NOTICES INCLUDED: Summons, Complaint, and John Doe Affidavit

Address of Clerk's Office            CLERK OF COURT
Jefferson County Circuit Clerk
101 W. Barraque Street
Pine Bluff, AR 71611               _____
                                      Signature of Clerk or Deputy Clerk]

                                        Date:_____
                                        [SEAL]



**Case Title:**        TRAYESHA BOOTH V NITV LLC ET AL

**Case Number:**    35CV-24-1006

**Type:**                  SUMMONS - FILER PREPARED

So Ordered

*LaShunda Murray*                

LaShunda Murray, Jefferson County Deputy
Circuit Clerk

Electronically signed by LDMURRAY on 2024-10-31    page 2 of 2

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## __ DIVISION

**TRAYESHA BOOTH**                                                  **PLAINTIFF**

    **VS.**        **CASE NO.** _____

**NITV, LLC; NITV FEDERAL SERVICES, LLC;**
**CHARLES HUMBLE; AND JOHN DOES 1-2**                      **DEFENDANTS**

### SUMMONS

### THE STATE OF ARKANSAS TO DEFENDANT:

**NITV, LLC - 11400 Fortune Circle, West Palm Beach, FL 33414**

A lawsuit has been filed against you.  The relief demanded is stated in the attached Second Amended Complaint.  Within 30 days after service of this Summons on you (not counting the day you received it) — or 60 days if you are a federal institution, or you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the Clerk of this Court a written Answer to the Complaint or a Motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose name and address is: Luther Sutter, Lucien Gillham, and/or Caleb Baumgardner of **SUTTER & GILLHAM, P.L.L.C.,** 1501 N. Pierce, Ste. 105, Little Rock, AR 72207.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED: ADDITIONAL NOTICES INCLUDED: Summons, Complaint, and John Doe Affidavit

Address of Clerk's Office                    CLERK OF COURT
Jefferson County Circuit Clerk
101 W. Barraque Street                       _____
Pine Bluff, AR 71611                         Signature of Clerk or Deputy Clerk]

                                     Date:_____
                                     [SEAL]



**Case Title:**      TRAYESHA BOOTH V NITV LLC ET AL

**Case Number:**   35CV-24-1006

**Type:**             SUMMONS - FILER PREPARED

So Ordered

*La Shunda Murray*



LaShunda Murray, Jefferson County Deputy
Circuit Clerk

Electronically signed by LDMURRAY on 2024-10-31    page 2 of 2

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## __ DIVISION

**TRAYESHA BOOTH**                                                                            **PLAINTIFF**

    **VS.**        **CASE NO. _____**

**NITV, LLC; NITV FEDERAL SERVICES, LLC;**
**CHARLES HUMBLE; AND JOHN DOES 1-2**                                        **DEFENDANTS**

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**NITV FEDERAL SERVICES, LLC 11400 Fortune Circle, West Palm Beach, FL 33414**

A lawsuit has been filed against you.  The relief demanded is stated in the attached Second Amended Complaint.  Within 30 days after service of this Summons on you (not counting the day you received it) — or 60 days if you are a federal institution, or you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the Clerk of this Court a written Answer to the Complaint or a Motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose name and address is: Luther Sutter, Lucien Gillham, and/or Caleb Baumgardner of **SUTTER & GILLHAM, P.L.L.C.,** 1501 N. Pierce, Ste. 105, Little Rock, AR 72207.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED: ADDITIONAL NOTICES INCLUDED: Summons, Complaint, and John Doe Affidavit

Address of Clerk's Office           CLERK OF COURT
Jefferson County Circuit Clerk
101 W. Barraque Street              _____
Pine Bluff, AR 71611                Signature of Clerk or Deputy Clerk]

                                 Date:_____
                                 [SEAL]



**Case Title:**    TRAYESHA BOOTH V NITV LLC ET AL

**Case Number:**    35CV-24-1006

**Type:**    SUMMONS - FILER PREPARED


So Ordered

*LaShunda Murray*



LaShunda Murray, Jefferson County Deputy
Circuit Clerk

Electronically signed by LDMURRAY on 2024-10-31    page 2 of 2