ELECTRONICALLY FILED
Jefferson County Circuit Court
Flora Cook-Bishop, Circuit Clerk
2024-Oct-30 17:45:54
35CV-24-1006
C11WD02 : 6 Pages

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## ___ DIVISION

**TRAYESHA BOOTH**                                             **PLAINTIFF**

VS.        CASE NO. _____

**NITV, LLC; NITV FEDERAL SERVICES, LLC;**
**CHARLES HUMBLE; AND JOHN DOES 1-2**             **DEFENDANTS**

### COMPLAINT

**COMES NOW**, Plaintiff, **TRAYESHA BOOTH,** by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**; and, for this Complaint, she states:

1. Plaintiff is a citizen and resident of Jefferson County, Arkansas.

2. Defendant, **NITV, LLC**, is a limited liability company with a principal address of 9999 Collins Ave., 12-A, Bal Harbour, Florida, 33514, operating in an industry substantially impacting interstate commerce, whose registered agent is Charles Humble, at the same address. Defendant, **NITV FEDERAL SERVICES, LLC**, is a limited liability company, whose principal address is 11400 Fortune Cir., W. Palm Beach, FL 33414, operating in an industry substantially impacting interstate commerce whose agent for service is Charles Humble, at 11400 Fortune Cir., W. Palm Beach, FL 33414. Separate Defendant, **CHARLES HUMBLE**, is the inventor of the VSA; and is one (1) of the directors of NITV, LLC, and NITV Federal Services, LLC. They are collectively referred to as NITV. John Does 1 and 2 are businesses selling or facilitating the sale of voice stress analyzers to the State of Arkansas (NITV Defendants).

3. The claims in this case are for libel, slander, false light, negligence, and products liability. At the time of filing, the amount in controversy does not exceed $75,000.00.

**EXHIBIT A**

**GENERAL FACTS**

4. Plaintiff worked for the Arkansas Department of Corrections (ADC), starting in August 2023, who worked for the ADC until February 14, 2024, when she was terminated for failing a CVSA test when questioned about bringing contraband into the prison.

5. Plaintiff did not bring contraband into the prison. As alleged herein, the CVSA test is inherently unreliable, but, despite notice, the Defendants continue to market this device as reliable. Indeed, Defendants have been sued before and are aware of this issue yet continue misrepresenting the reliability of the CVSA.

5. Plaintiff was terminated on February 14, 2024, at which time she was a Correctional Officer II.

6. Plaintiff was supposedly accused by an inmate of bringing contraband into the prison.

7. Plaintiff was given a VSA once, and not told the result. She was then given a VSA a second time and told she was deceptive.

8. The voice stress analyzer test result, purporting to show that Plaintiff was deceptive, was false. Plaintiff was not lying or being deceptive. She answered all questions honestly.

9. The NITV sold the VSA that gave the test to Plaintiff and the Plaintiff to the ADC.

10. The NITV sells VSA devices to government agencies and private companies all over the United States.

11. The NITV claims that the VSA devices it sells can detect falsehoods and lies in advertisements and marketing materials. These devices are marketed to law enforcement agencies, such as the ADC, and private corporations, under the premise that these agencies and businesses

can use these devices to determine when employees are lying for purposes of carrying out discipline.

12. This is false, and it is known to be false by the NITV. Studies have shown that VSA devices are about as likely to catch deception and lies as tossing a coin, or even worse. An observant witch doctor would almost certainly do better. NITV has never subjected its devices to peer review. NITV has never conducted double blind tests to establish the effectiveness of its devices. NITV did not develop these devices using the scientific method.

13. There have been repeated instances where people were found to have been deceptive, when it was later proven that they were not. This has resulted in a false confession and conviction for murder in California, charges wrongly brought, and at least one person in Arkansas was fired based on a false positive, which Defendants knew about, yet they have continued their actions.

14. NITV trains people working for agencies and companies to operate these devices. It tells them how to determine falsehoods and deceptive statements, but of course, this is bogus.

15. NITV's trainers frequently consult on cold calls from the agencies they sell these materials to.

16. As a result of Defendants' conduct Plaintiff's reputation was harmed, and she was fired.

## COUNT I

17. Plaintiff restates the foregoing as if fully stated herein.

18. Defendant, NITV, has created and sold a machine containing a design defect in that the device cannot do what it is sold to do - detect deception and falsehood on a basis more reliable than random chance.

19. As a result of Defendants' actions, Plaintiff has been injured, in that she lost her job, lost wages, suffered harm to her reputation, lost benefits, incurred medical bills, and endured mental, emotional, and physical suffering.

20. Defendants' actions have been so egregious as to merit the imposition of punitive damages, as they were intentional, reckless, and knowing violations of Plaintiff's rights.

## COUNT II

21. Plaintiff restates the foregoing as if fully stated herein.

22. Defendants have made false statements about Plaintiff or caused them to be made about her, constituting defamation - both slander and libel. Alternatively, Plaintiff has been portrayed in a false light.

23. As a result of Defendants' actions, Plaintiff has been injured, in that she lost her job, lost wages, suffered harm to her reputation, lost benefits, incurred medical bills, and endured mental, emotional, and physical suffering.

24. Defendants' actions have been so egregious as to merit the imposition of punitive damages, as they were intentional, reckless, and knowing violations of Plaintiff's rights.

## COUNT III

25. Plaintiff restates the foregoing as if fully stated herein.

26. Defendant, NITV, has placed Plaintiff in a false light. The false light in which FFBC was placed by the publicity would be highly offensive to a reasonable person.

27. Each Defendant had knowledge of or acted in reckless disregard as to the falsity of, the publicized matter and the false light in which the Plaintiff and others would be placed. A

reasonable person would have had serious doubts about the truth of the publication, given the devices' inherent unreliability.

## COUNT IV

28. Plaintiff restates the foregoing as if fully stated herein.

29. Defendants have been negligent in creating, designed, advertising, marketing, and training on these devices. It is a defective product, and they know it.

30. As a result of Defendants' actions, Plaintiff has been injured, in that she lost her job, lost wages, suffered harm to her reputation, lost benefits, incurred medical bills, and endured mental, emotional, and physical suffering.

31. Defendants' actions have been so egregious as to merit the imposition of punitive damages, as they were intentional, reckless, and knowing violations of Plaintiff's rights.

## COUNT V

32. Plaintiff restates the foregoing as if fully stated herein.

33. Defendants have committed violations of the Arkansas Deceptive Trade Practices Act.

34. As a result of Defendants' actions, Plaintiff has been injured, in that she lost her job, lost wages, fringe benefits, suffered harm to her reputation, lost benefits, incurred medical bills, and endured mental, emotional, and physical suffering.

35. Defendants' actions have been so egregious as to merit the imposition of punitive damages, as they were intentional, reckless, and knowing violations of Plaintiff's rights.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, **TRAYESHA BOOTH,** prays for compensatory damages, for reasonable attorneys' fees and costs, for a jury trial on all matters so triable, and for all other appropriate relief.

        Respectfully submitted,

        **SUTTER & GILLHAM, P.L.L.C.**
        Attorneys at Law
        1501 N. Pierce Ste. 105
        Little Rock, AR 72207
        501/315-1910  Office
        501/315-1916  Facsimile
        Attorneys for the Plaintiff

By:   */s/ Luther Oneal Sutter*
        Luther Sutter, Esq. ARBN 95031
        lucien.gillham@gmail.com

By:   */s/ Lucien R. Gillham*
        Lucien R. Gillham, Esq. ARBN 99199
        lucien.gillham@gmail.com

ELECTRONICALLY FILED
Jefferson County Circuit Court
Flora Cook-Bishop, Circuit Clerk
2024-Oct-30 17:45:54
35CV-24-1006
C11WD02 : 2 Pages

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
___ DIVISION

**TRAYESHA BOOTH**                                                                 **PLAINTIFF**

VS.         CASE NO. _____

**NITV, LLC; NITV FEDERAL SERVICES, LLC;**
**CHARLES HUMBLE; AND JOHN DOES 1-2**                        **DEFENDANTS**

## JOHN DOE AFFIDAVIT OF PLAINTIFF'S COUNSEL

Comes now, counsel for the Plaintiff, **TRAYESHA BOOTH**, **SUTTER & GILLHAM, P.L.L.C.**, and, for this Affidavit, being competent to testify, states that the statements below are true and accurate:

1. I am a licensed attorney in good standing in the State of Arkansas and am the Partner and owner of **SUTTER & GILLHAM, P.L.L.C.**, who are the attorneys of record for the Plaintiff in the attached Complaint.

2. Plaintiff has made reasonable effort to obtain the identity of John Does 1-2 &/or individuals who are likely to be additional Defendants in the above-captioned case.

3. The identities of all individuals and entities are unknown. Plaintiff hereby designates John Does 1-2 for the purpose of tolling the statute of limitations pursuant to ACA § 16-56-125.

4. The pseudo-names will continue to be named &/or submitted with the actual names upon further discovery, if applicable.

**FURTHER AFFIANT SAITH NAUGHT.**

## VERFICIATION

I, Luther Oneal Sutter, do hereby certify and state, under oath, that the above facts contained herein are true and correct to the best of my knowledge and belief.

By: /s/ Luther Oneal Sutter

Luther Oneal Sutter
*Counsel for Plaintiff*

## ACKNOWLEDGMENT

State of Arkansas )
) SS.
County of Pulaski )

Subscribed and sworn before me, a Notary Public, this 30th day of October, 2024

My commission Expires: 9/14/31

Notary Public

ELIZABETH ANN HODGES
Notary Public-Arkansas
Lonoke County
My Commission Expires 09-14-2031
Commission # 12716016