**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**TRAYESHA BOOTH**                                           **PLAINTIFF**

**VS.**                       **NO. 4:25-cv-00060-DPM**

**NITV, LLC; NITV FEDERAL SERVICES, LLC;
CHARLES HUMBLE; AND JOHN DOES 1-2**            **DEFENDANTS**

<u>**DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL**</u>

Defendants NITV, LLC, NITV Federal Services, LLC, and Charles Humble (collectively, "Defendants"), by and through their attorneys Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., for their Motion for Leave to File Amended Notice of Removal, state as follows:

1.     This case was removed to this Court on January 22, 2025, and docketed on January 23, 2025. *See* Doc. 1. The removal was filed within 30 days of service, pursuant to 28 U.S.C. § 1446.

2.     After the case was removed to this Court, a scrivener's error was discovered in paragraph 6 of the Notice of Removal, in which Separate Defendant Charles Humble was inadvertently referenced as the Plaintiff, rather than Trayesha Booth. *See* Doc. 1, ¶ 6.

3.     While the allegations in the Notice of Removal are otherwise consistent with the state court pleadings attached to the Notice of Removal, the Defendants respectfully request leave from the Court to file the Amended Notice of Removal attached hereto as **Exhibit A**, pursuant to 28 U.S.C. § 1653.

4.     "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Under section 1653, a notice may be amended after the 30 day period for removal "to add specific facts supporting the originally stated grounds for removal or to clarify the grounds for removal as stated in the original notice." *Rowan v. PepsiCo, Inc.*, No.

4:21-CV-00911 KGB, 2022 WL 3970757, at *1 (E.D. Ark. Aug. 31, 2022) (citing *Whitehead v. The Nautilus Group, Inc.*, 428 F.Supp.2d 923, 928–29 (W.D. Ark. 2006); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002)). "The amendment cannot add new grounds for removal once the 30 day period has expired." *Id.*; *see also* Reece v. Bank of New York Mellon, 760 F.3d 771, 776–78 (8th Cir. 2014); *Riggs v. CaseStack*, LLC, No. 5:20-CV-5135, 2020 WL 5568545, at *2 (W.D. Ark. Sept. 17, 2020); *Berry v. Renaissance Hotel Mgmt., LLC,* No. 4:09-CV-1261CAS, 2009 WL 3246872, at *1 (E.D. Mo. Oct. 6, 2009).

5.    The Amended Notice of Removal does not add new grounds for removal—it clarifies the grounds for removal stated in the original notice by correcting a scrivener's error and clarifying an inconsistency in paragraph 6 of the original notice, in which the Plaintiff was inadvertently identified as separate Defendant Charles Humble rather than Trayesha Booth.

6.    A supporting brief is being filed with the present motion, pursuant to Local Rule 7.2 of this Court.

7.    To correct the non-substantive oversight in the original removal notice, Defendants respectfully request that the Court grant their Motion and permit Defendants to file the Amended Notice of Removal attached as **Exhibit A**.

WHEREFORE, Defendants NITV, LLC, NITV Federal Services, LLC, and Charles Humble pray that the present motion be granted and for all other appropriate relief to which they may be entitled.

Respectfully submitted,

Adam D. Franks (Ark. Bar No. 2016124)
Colt D. Galloway (Ark. Bar No. 2016212)
**MITCHELL, WILLIAMS, SELIG, GATES &**
**WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201-3525
Phone: 501-688-8800
Fax: 501-688-8807
afranks@mwlaw.com
cgalloway@mwlaw.com