IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TRAYESHA BOOTH**                                                                  **PLAINTIFF**

VS.                                          NO. 4:25-cv-00060-DPM

**NITV, LLC; NITV FEDERAL SERVICES, LLC;**
**CHARLES HUMBLE; AND JOHN DOES 1-2**                           **DEFENDANTS**

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL**

Defendants NITV, LLC, NITV Federal Services, LLC, and Charles Humble ("collectively, Defendants" or "NITV"), by and through their attorneys Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., for their Brief in Support of Motion for Leave to File Amended Notice of Removal, state as follows:

## I.     INTRODUCTION

In Defendants' Notice of Removal, the Plaintiff was identified as Trayesha Booth in the caption; however, within the body of the filing, Defendants inadvertently identified Plaintiff as Charles Humble, a separate defendant. Doc. 1, ¶ 6. Out of an abundance of caution, Defendants now move for leave to file an Amended Notice of Removal to clarify the inconsistency within the original removal notice.

## II.     FACTUAL BACKGROUND

Plaintiff originally filed suit in the Circuit Court of Jefferson County, Arkansas on October 30, 2024, and Defendants were served the summons and Complaint on or about December 24, 2024, via certified mail. *See* Doc. 1, ¶ 1; Compl., Doc. 2. Because all Defendants in this case are citizens of Florida and Plaintiff is a citizen of Arkansas, Defendants timely filed a Notice of

Removal in this Court on January 22, 2025, based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, and the case was docketed on January 23, 2025. *See* Doc. 1.

Defendants' Notice of Removal included copies of all pleadings and papers currently on file with the Jefferson County Circuit Court as required by 28 U.S.C. § 1446(a), all of which identify the Plaintiff as Trayesha Booth. Doc. 1, p. 7-20. In addition, the caption for the case within Defendants' Notice of Removal properly identified the Plaintiff as Trayesha Booth. Doc. 1, at p. 1. Likewise, the required Civil Cover Sheet accompanying Defendants' Notice of Removal lists Ms. Booth as the Plaintiff, and notes that she is a resident of Jefferson County. Doc. 1-1.

However, paragraph 6 of Defendants' Notice of Removal contained a scrivener's error and inadvertently defined "Plaintiff" as Charles Humble rather than Trayesha Booth. *See* Compl., ¶ 1." Doc. 1, ¶ 6. Notably, the portion of Plaintiff's Complaint cited in paragraph 6 of the Notice of Removal states "Plaintiff is a citizen and resident of Jefferson County, Arkansas." Doc. 2, ¶ 1. Additionally, Charles Humble is identified as a citizen of the State of Florida in paragraph

### III.  ARGUMENT AND AUTHORITY

Amendment of a notice of removal is permitted by 28 U.S.C. § 1653, which provides "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." *See Reece v. Bank of New York Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014) (relying on § 1653, to allow amendment of a removal notice). Section 1653 is "liberally construed" in the same fashion as Rule 15(a), which states that leave to amend pleadings "shall be freely given when justice requires." *Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. 1981); Fed. R. Civ. P. 15(a). To that end, district courts within the Eighth Circuit routinely permit defendants to amend notices of removal to correct substantive or technical issues. *See e.g., Riggs v. CaseStack*, LLC, No. 5:20-CV-5135, 2020 WL 5568545, at *2 (W.D. Ark. Sept. 17, 2020) (permitting a defendant, "pursuant

to § 1653, to amend its notice of removal to allege the correct factual basis for diversity jurisdiction"); *Berry v. Renaissance Hotel Mgmt., LLC,* No. 4:09-CV-1261CAS, 2009 WL 3246872, at *1 (E.D. Mo. Oct. 6, 2009).

Here, within the body of its Notice of Removal, Defendants inadvertently referred to Plaintiff as Charles Humble rather than Trayesha Booth. Doc. 1, ¶ 6. As a result, Defendants respectfully request leave to amend its Notice of Removal to correct their typographical error and correctly identify Plaintiff as Trayesha Booth. *See Rowan v. PepsiCo, Inc.*, No. 4:21-CV-00911 KGB, 2022 WL 3970757, at *1 (E.D. Ark. Aug. 31, 2022) (citing *Whitehead v. The Nautilus Group, Inc.*, 428 F.Supp.2d 923, 928–29 (W.D. Ark. 2006); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002)); *Macon v. Fam. Dollar Stores of Mo, LLC*, No. 4:16-CV-00689-NCC, 2016 WL 4191770, at *1 (E.D. Mo. Aug. 9, 2016) (granting a motion for leave to amend notice of removal to correct a technical error). Accordingly, 28 U.S.C. § 1653 authorizes amendment of the Notice of Removal to clarify the internal inconsistency within the notice, with leave of the Court.

### IV.   CONCLUSION

Defendants respectfully request that the Court grant their Motion and permit Defendants to file the Amended Notice of Removal attached as **Exhibit A**.

Respectfully submitted,

Adam D. Franks (Ark. Bar No. 2016124)
Colt D. Galloway (Ark. Bar No. 2016212)
**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201-3525
Phone: 501-688-8800
Fax: 501-688-8807
afranks@mwlaw.com
cgalloway@mwlaw.com