IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TRAYESHA BOOTH**                                                                                    **PLAINTIFF**

VS.                                           NO. 4:25-cv-00060-DPM

**NITV, LLC; NITV FEDERAL SERVICES, LLC;**
**CHARLES HUMBLE; AND JOHN DOES 1-2**                                         **DEFENDANTS**

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants NITV, LLC, NITV Federal Services, LLC, and Charles Humble ("collectively, Defendants" or "NITV"), by and through their attorneys Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., answer Plaintiff Trayesha Booth's ("Plaintiff") Complaint ("Complaint") as follows:

1. In response to Paragraph 1 of the Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny those allegations.

2. In response to the first sentence of Paragraph 2 of the Complaint, Defendants admit that NITV, LLC is a limited liability company that previously engaged in business in Miami-Dade County, Florida. Defendants deny that Charles Humble is the registered agent for NITV, LLC. In response to the second sentence of Paragraph 2 of the Complaint, Defendants admit that NITV Federal Services, LLC is a limited liability company with a principal address of 11400 Fortune Circle, West Palm Beach, Florida 33414, and that Charles Humble is the registered agent for NITV Federal Services, LLC at the same address. In response to the third sentence of Paragraph 2 of the Complaint, Defendants admit that Charles Humble is a manager of NITV, LLC and NITV Federal Services, LLC. In response to the fourth sentence of Paragraph 2 of the Complaint, Defendants state that the allegations relate to another defendant. To the extent the allegations in the fourth sentence of Paragraph 2 of the Complaint may be construed to relate to these Defendants,

Defendants deny the allegations. In response to the remaining allegations in Paragraph 2 of the Complaint, Defendants deny the allegations as written.

3. In response to the first sentence of Paragraph 3 of the Complaint, Defendants state that allegations set forth in Paragraph 3 of the Complaint merely summarize the theories of liability asserted in the Complaint, and as a result, no affirmative response is required. Defendants deny the allegations contained within Paragraph 3 of the Complaint to the extent they imply any fault or wrongdoing whatsoever on the part of these Defendants. In response to the second sentence of Paragraph 3 of the Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny those allegations.

4. In response to Paragraph 4 of the Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny those allegations.

5. In response to Paragraph 5 of the Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny those allegations.

6. In response to Paragraph 6 of the Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny those allegations.

7. In response to Paragraph 7 of the Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny those allegations.

8. In response to Paragraph 8 of the Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny those allegations.

9. In response to Paragraph 9 of the Complaint, Defendants admit that NITV Federal Services, LLC supplied a VSA system to the Arkansas Department of Corrections. In response to the remaining allegations in Paragraph 9 of the Complaint, Defendants deny the allegations.

10. In response to Paragraph 10 of the Complaint, Defendants deny the allegations.

11. In response to Paragraph 11 of the Complaint, Defendants admit that Separate Defendant NITV Federal Services, LLC markets and supplies VSA systems to governmental investigation agencies. In response to the remaining allegations in Paragraph 11 of the Complaint, Defendants deny the allegations.

12. In response to Paragraph 12 of the Complaint, Defendants deny the allegations.

13. In response to Paragraph 13 of the Complaint, Defendants deny the allegations.

14. In response to Paragraph 14 of the Complaint, Defendants deny the allegations.

15. In response to Paragraph 15 of the Complaint, Defendants admit that NITV Federal Services, LLC communicates from time to time with agencies who have purchased systems from NITV Federal Services, LLC. In response to the remaining allegations in Paragraph 15 of the Complaint, Defendants deny the allegations.

16. In response to Paragraph 16 of the Complaint, Defendants deny the allegations.

17. In response to Paragraph 17 of the Complaint, Defendants adopt, incorporate, and restate Paragraphs 1 through 16 of this Answer.

18. In response to Paragraph 18 of the Complaint, Defendants deny the allegations.

19. In response to Paragraph 19 of the Complaint, Defendants deny the allegations.

20. In response to Paragraph 20 of the Complaint, Defendants deny the allegations.

21. In response to Paragraph 21 of the Complaint, Defendants adopt, incorporate, and restate Paragraphs 1 through 20 of this Answer.

22. In response to Paragraph 22 of the Complaint, Defendants deny the allegations.

23. In response to Paragraph 23 of the Complaint, Defendants deny the allegations.

24. In response to Paragraph 24 of the Complaint, Defendants deny the allegations.

25. In response to Paragraph 25 the Complaint, Defendants adopt, incorporate, and restate Paragraphs 1 through 24 of this Answer.

26. In response to Paragraph 26 of the Complaint, Defendants deny the allegations.

27. In response to Paragraph 27 of the Complaint, Defendants deny the allegations.

28. In response to Paragraph 28 the Complaint, Defendants adopt, incorporate, and restate Paragraphs 1 through 27 of this Answer.

29. In response to Paragraph 29 of the Complaint, Defendants deny the allegations.

30. In response to Paragraph 30 of the Complaint, Defendants deny the allegations.

31. In response to Paragraph 31 of the Complaint, Defendants deny the allegations.

32. In response to Paragraph 32 the Complaint, Defendants adopt, incorporate, and restate Paragraphs 1 through 31 of this Answer.

33. In response to Paragraph 33 of the Complaint, Defendants deny the allegations.

34. In response to Paragraph 34 of the Complaint, Defendants deny the allegations.

35. In response to Paragraph 35 of the Complaint, Defendants deny the allegations.

36. In response to Paragraph 36 of the Complaint, Defendants join Plaintiff in her demand for trial by jury on all remaining contested issues of fact.

37. In response to the "WHEREFORE" Paragraph of the Complaint, Defendants deny the allegations. Further, Defendants deny Plaintiff is entitled to the relief sought in the "WHEREFORE" Paragraph of the Complaint.

38. Defendants deny every allegation in the Complaint not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

39. Defendants affirmatively assert that the Complaint fails to state a claim upon which relief may be granted and, therefore, must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

40. Separate Defendants Charles Humble and NITV, LLC affirmatively assert that this Court has no personal jurisdiction over them and Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

41. Defendants affirmatively assert that Plaintiff's Complaint should be dismissed pursuant to 12(b)(4) of the Federal Rules of Civil Procedure for insufficiency of process.

42. Defendants affirmatively assert that Plaintiff's Complaint should be dismissed pursuant to 12(b)(5) of the Federal Rules of Civil Procedure for insufficiency of service of process.

43. Defendants affirmatively assert that Plaintiff's Complaint should be dismissed pursuant to 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a party under Rule 19 of the Federal Rules of Civil Procedure.

44. Defendants affirmatively assert that, pursuant to the acquired-immunity doctrine, Defendants are immune from suit based on the End-User License Agreement for CVSA Software between NITV Federal Services, LLC and the Arkansas Department of Corrections, dated September 6, 2023 (the "2023 EULA Agreement"), and the End-User License Agreement for CVSA Software between NITV Federal Services, LLC and the Arkansas Department of Corrections, dated March 1, 2013 (the "2013 EULA Agreement"). True and correct copies of the 2023 EULA Agreement and the 2013 EULA Agreement are attached to this Answer as Exhibits 1 and 2.

45.     Defendants affirmatively assert that the proximate cause of the alleged damages claimed by Plaintiff was the acts or omissions of persons, firms, or corporations other than Defendants, for whom Defendants have no legal responsibility or over whom Defendants had no control, specifically the Arkansas Department of Corrections, which was Plaintiff's former employer that terminated Plaintiff's prior employment.

46.     While Defendants specifically deny any fault, Defendants affirmatively assert that any alleged damages to Plaintiff were proximately caused by independent, intervening, and superseding causes for which Defendants are not responsible or have no control.

47.     Defendants affirmatively plead all of the defenses available to them pursuant to the Arkansas Products Liability Act, Ark. Code Ann. §§ 16-116-101 to 107, including but not limited to, compliance with federal, state and administrative statutes, rules and regulations existing at the time the product was sold, and subsequent unforeseeable alterations, changes, improper maintenance and/or abnormal use of the product.

48.     If the Plaintiff has sustained injuries as alleged in the Complaint, any such injuries or losses were caused by the misuse of the product at issue or alteration of the product at issue.

49.     Defendants affirmatively assert the defense of comparative fault as a complete or partial bar to the Complaint.

50.     Defendants affirmatively plead each and every defense available to them pursuant to the Civil Justice Reform Act of 2003, as amended, as if set forth fully herein. These Defendants specifically invoke their right to an apportionment of fault and bifurcation of damages as appropriate.

51.     Defendants plead the affirmative defenses of qualified immunity and acquired sovereign immunity.

52. Defendants affirmatively plead all contract defenses available to them pursuant to any contracts it has with the Arkansas Department of Correction, including but not limited to warnings, disclaimers, limitation of remedies and damages, arbitration agreements, waiver, and any other administrative procedure requirements.

53. Defendants affirmatively assert that all Plaintiff's claims fail for lack of causation.

54. Defendants affirmatively assert that Plaintiff's product liability claims fail because Plaintiff has not alleged any bodily injury, death, or property damage to support Plaintiff's claims.

55. Defendants affirmatively assert that Plaintiff's defamation claims fail for failure to allege publication, an essential element of her claim.

56. Defendants affirmatively assert that any datasets generated by the CVSA were not defamatory.

57. Defendants affirmatively assert that Plaintiff's Arkansas Deceptive Trade Practices Act ("ADTPA") claim fails as a matter of law because the alleged actions by Defendants and the Arkansas Department or Corrections fall within the safe harbor provision of the ADTPA. Ark. Code Ann. § 4-88-101(3).

58. Defendants affirmatively assert that Plaintiff has failed to allege any consumer-oriented act or practice as required to support her ADTPA claim, and as a result, Plaintiff's ADTPA claim should be dismissed.

59. Defendants affirmatively assert that Plaintiff's claims fail as a matter of law because the use of CVSA equipment is authorized and regulated by the Arkansas General Assembly, Ark. Code Ann. § 17-39-301, *et seq.*, and administrative rules promulgated by the Division of Arkansas State Police.

60. Defendants affirmatively assert that Separate Defendant Charles Humble is an improper party to this action and should be dismissed.

61. Defendants affirmatively plead and preserve all affirmative defenses expressed within, or contemplated by, Federal Rule of Civil Procedure 8(c).

62. Defendants affirmatively assert that no alleged act or omission of Defendants was malicious, willful, wanton, reckless, or grossly negligent; therefore, any claim for punitive damages is inappropriate and should be dismissed.

63. Defendants affirmatively assert that the necessary factual predicate has neither been pleaded nor proven to support a prima facie case for punitive damages against Defendants in this matter.

64. As an affirmative defense, Defendants specifically incorporate by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *BMW of No. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003); and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) and their progeny as well as other similar cases under both federal and state law.

65. Defendants affirmatively assert that Plaintiff's claim for punitive damages is in contravention of the rights of Defendants under the following provisions of the United States Constitution and analogous provisions of the Arkansas Constitution and are subject to all provisions of Arkansas law:

   (a) Plaintiff's claims for punitive or exemplary damages violate, and are therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and the Arkansas Constitution;

(b)   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(c)   The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and Article 2 of the Arkansas Constitution;

(d)   The procedures to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article 2 of the Arkansas Constitution;

(e)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article 2 of the Arkansas Constitution;

(f)   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Article 2 of the Arkansas Constitution;

(g) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Article 2 of the Arkansas Constitution;

(h) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and Article 2 of the Arkansas Constitution;

(i) The award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law; and

(j) The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

66. Defendants affirmatively assert that Plaintiff's claims for punitive damages against them cannot be sustained, because an award of punitive damages under Arkansas law which allows Plaintiff to prejudicially emphasize the corporate status of certain Defendants violates Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

67. In the event the Court allows Plaintiff's claim for punitive damages to proceed to trial, Defendants reserve the right to request bifurcation at trial of punitive and compensatory damages issues pursuant to Ark. Code Ann. § 16-55-211.

68.     Defendants affirmatively assert that Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Arkansas law by a jury does not provide constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award.

69.     Defendants reserve the right to plead further including the reservation of all affirmative defenses required to be pled in their initial pleading and the right to file amended answers, counterclaims, cross-claims, third-party complaints, and notices of non-party fault.

WHEREFORE, Defendants NITV, LLC, NITV Federal Services, LLC, and Charles Humble pray that the Complaint be dismissed with prejudice, for its costs and attorneys' fees, and for all other relief the Court deems appropriate.

Respectfully submitted,

Adam D. Franks (Ark. Bar No. 2016124)
Colt D. Galloway (Ark. Bar No. 2016212)
**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201-3525
Phone: 501-688-8800
Fax: 501-688-8807
afranks@mwlaw.com
cgalloway@mwlaw.com