**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**TRAYESHA BOOTH** **PLAINTIFF**

**v.** **No. 4:25-cv-60-DPM**

**NITV, LLC; NITV FEDERAL SERVICES, LLC; CHARLES HUMBLE; and JOHN DOES 1–2** **DEFENDANTS**

**ORDER**

Trayesha Booth worked at the Arkansas Department of Corrections. An inmate said she provided contraband. After Booth twice failed a voice stress test, ADC fired her. Barred from suing ADC because of sovereign immunity, Booth has sued the test's licensor (NITV Federal Services), its inventor (Humble), a related entity (NITV, LLC), and John Does. All defendants move for judgment on the pleadings. The Court accepts Booth's factual allegations as true and draws all reasonable inferences in her favor. Fed. R. Civ. P. 12(c); *Ashley County, Arkansas v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). The NITV Federal Services/ADC contracts, which defendants attached to their answer, are embraced by the pleadings. *Mills v. City of Grand Forks*, 614 F.3d 495, 497–98 (8th Cir. 2010). So the Court will consider them.

**Acquired Immunity?** If a government contractor complies with its contract's design and specifications, acquired immunity shields him from liability for mistakes made by the government. *Smith v. Rogers Group, Inc.*, 348 Ark. 241, 250–51 72 S.W.3d 450, 455–56 (2002). But independent wrongdoing—such as misrepresenting a product's efficacy—isn't protected. *Engelhardt v. Rogers Group, Inc.*, 132 F. Supp. 2d 757, 758–59 (8th Cir. 2001). Rather than claiming damages incidental to performance of the NITV Federal Services/ADC contract, Booth claims this company harmed her by misleading ADC about the accuracy of its tests. NITV Federal Services acquired no immunity against claims for these independent acts.

**Causation?** Defendants argue, across the board, that Booth didn't plead causation adequately. The Court disagrees. Defendants compare this complaint to the one in *Miller v. Redwood Toxicology Laboratory, Inc.*, 688 F.3d 928 (8th Cir. 2012), which failed to establish Article III standing based solely on a Minnesota statute. But Booth plausibly pleaded causation for the same reason *Miller*'s common-law claims passed constitutional muster: She alleges her injuries occurred in part because these tests aren't reliable, and NITV Federal Services failed to warn her and ADC of this unreliability. *Miller*, 688 F.3d at 933. ADC's guidelines don't eliminate NITV Federal Services as at least one cause of Booth's firing, as she alleges.

**Parties?** Booth didn't allege that Humble or NITV, LLC had personal or direct involvement in these events. *Doc. 2 at 1.* Only NITV Federal Services is a party to the contract with ADC. *Doc. 6-1 & 6-2.* Humble and NITV, LLC are therefore dismissed without prejudice. *Bayird v. Floyd*, 2009 Ark. 455, at 10, 344 S.W.3d 80, 86.

**Plausible Claims?** One of Booth's claims fails, but the rest are plausible.

- **Strict Products Liability:** Booth's complaint doesn't allege the test is "unreasonably dangerous," which Arkansas law requires in a strict products liability claim. *Berkeley-Pump Co. v. Reed-Joseph Land Co.*, 279 Ark. 384, 391–93, 653 S.W.2d 128, 131–32 (1983). Booth's reliance on *Crowe v. County of San Diego* is misplaced because California law doesn't include the unreasonably dangerous element. 2003 WL 27381973 at *1–2 (S.D. Cal. 24 February 2003); *Cronin v. J.B.E. Olson Corp.*, 8 Cal.3d 121, 134–35, 501 P.2d 1153, 1163 (1972). Booth's strict products liability claim is dismissed without prejudice.

- **Negligence:** Booth's creative negligent products liability claim, rooted in her employment dispute, survives. NITV Federal Services owed Booth a duty as a "person whom [the company] might reasonably have expected to use . . . or be affected by" by the test. Ark. Code Ann. § 4-86-101. NITV Federal Services allegedly violated that duty by misrepresenting the test's effectiveness. And Booth says that breach cost her the ADC job.

- **Defamation & False Light:** It's close, but these claims also survive. NITV Federal Services allegedly caused a false statement—that Booth was deceptive—to be published to ADC by knowingly selling a defective product. A statement framing Booth as a liar is highly offensive and plausibly caused reputational harm. A developed record may show that the tests produce only data, which must be interpreted as in *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 870–71 (8th Cir. 2005), but the pleadings don't. The qualified-privilege defense likewise doesn't bar Booth's defamation claim at the pleadings stage. Booth has plausibly alleged a bad faith statement: She says NITV Federal Services knew its test results lacked truthfulness. *Wal-Mart Stores, Inc v. Lee*, 348 Ark. 707, 74 S.W.3d 634, 653–54 (2002).

- **Arkansas Deceptive Trade Practices Act:** NITV Federal Services's authorities say contract and manufacturer/distributer disputes aren't consumer-oriented. *Stonebridge Collection, Inc. v. Carmichael*, 791 F.3d 811, 822 (8th Cir. 2015); *Skalla v. Canepari*, 2013 Ark. 415, at 14, 430 S.W.3d 72, 82; *Sims v. State Farm Mutual Automobile Insurance Co.*, No. 4:13-cv-31-JLH, 2015 WL 11090627, at *7–8 (E.D. Ark. 9 June 2015). True. But selling tests to agencies and private companies is a consumer-oriented practice. Ark. Code Ann. § 4-88-107(a)(10). The safe-harbor provision doesn't apply, either. Ark. Code Ann. § 4-88-101(3). Section 17-39-101 *et seq.* and its rules regulate ADC's use of voice stress tests but not NITV Federal Services's commercial conduct in

marketing and selling them. *Air Evac EMS, Inc. v. USAble Mutual Insurance Co.*, 931 F.3d 647, 653 (8th Cir. 2019). Booth's ADTPA claim goes forward.

*

The Court has been delayed in addressing this long-pending motion. That tardiness, which the Court regrets, may have delayed the parties' work on the case. Please advise in the joint status report due 18 September 2026, *Doc. 12 at 1*, whether extensions are requested and (if so) whether they're agreed or contested. Please also advise whether the John Does should be dismissed.

Defendants' motion, *Doc. 13*, is partly granted and partly denied as specified. The Court directs the Clerk to terminate Humble and NITV, LLC as defendants.

So Ordered.

D.P. Marshall Jr.
United States District Judge

14 September 2026